CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Pouran Malekkazeronian

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| POURAN MALEKKAZERONIAN, | CIVIL NO. _____ |
|---|---|
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| STAR PROTECTION AGENCY, LLC, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff POURAN MALEKKAZERONIAN, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff POURAN MALEKKAZERONIAN (hereinafter "MALEKKAZERONIAN") was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant STAR PROTECTION AGENCY, LLC, (hereinafter "STAR") is a domestic limited liability company incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant STAR on May 3, 2007, as a Security Officer.

4. On April 4, 2017, Plaintiff was terminated from her position with Defendant STAR due to disability discrimination and retaliation for whistleblowing. Plaintiff's disability was an injury to her right foot that she sustained in the scope of her employment with Defendant STAR which caused her to be unable to stand and walk properly.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on October 29, 2018, which was received by Plaintiff on or after October 30, 2018.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant STAR on May 3, 2007, as a Security Officer.

8. On September 16, 2016, Plaintiff was injured on the job and suffered an injury to her right knee which prevented her from standing and walking. Plaintiff continues under care for the right knee injury to date, and continues to be unable to stand or walk properly.

9. On September 16, 2016, Plaintiff informed her supervisor and Defendant STAR's dispatcher immediately about her injury to the right knee.

10. In October 2016, Plaintiff gave a doctor's note to her Supervisor Justin, which stated she need to be on light duty due to restrictions in walking. Justin told Plaintiff that "her job is not resting" and that if she can not do the work of a security guard then "don't come to work".

11. On February 9, 2017 and April 4, 2017, Plaintiff was accused by her Supervisor Allen, that she had not reported the accident, even though Plaintiff had reported the accident.

12. After Plaintiff's injury at work, Defendant STAR did not file a workers' compensation claim as required by law. Plaintiff could not get treatment, so she reported her injury to the Department of Labor by filing a WC-5 report of injury on October 16, 2016.

13. On April 4, 2017, Plaintiff was terminated from employment with Defendant STAR.

14. The reason given was that Plaintiff had solicited food from the Pacific Club when she was working as a security guard. The accusation was false in that she had been offered a hamburger by the Pacific Club food and beverage manager. The false accusation and termination was really due to Plaintiff's ongoing disability and treatment for her injury to the right knee.

## STATEMENT OF CLAIMS

### COUNT I

### DISABILITY DISCRIMINATION

15. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

16. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

17. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

18. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

19. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

20. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

## WHISTLEBLOWER'S PROTECTION ACT

21. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

22. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial.

23. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to employment with Defendant STAR with full benefits; and

    B.    For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

    C.    For special damages, including back pay, front pay and other expenses; and

    D.    For punitive damages; and

E.     For attorney's fees, costs, and interest, including prejudgment interest; and

F.     For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, January 28, 2019.

                                        /s/ Charles H. Brower
                                        CHARLES H. BROWER
                                        MICHAEL P. HEALY
                                        Attorneys for Plaintiff
                                        Pouran Malekkazeronian